IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) SSM HEALTH CARE OF OKLAHOMA, INC., an Oklahoma Not for Profit Corporation,<br><br>Plaintiff,<br>v.<br><br>(1) BRIGHT HEALTH INSURANCE COMPANY, a Foreign Corporation,<br><br>Defendant. | Case No. CIV-23-305-SLP |

# COMPLAINT

Plaintiff, SSM Health Care of Oklahoma, Inc. ("SSM"), is a healthcare provider based in Oklahoma City who operates healthcare facilities throughout Oklahoma. SSM provided over $15.6 million worth of medical services to members of Bright Health Insurance Company ("Bright") through medical service providers at its Oklahoma City, Shawnee, and Midwest City facilities. Bright has recently experienced business challenges and faces multiple investigations by state agencies across the United States, including in Oklahoma. Based on information and belief, Bright withdrew from the Oklahoma market (and multiple other state markets) effective on December 31, 2022, while still owing SSM over $13 million in accounts payable for medical services provided to Bright members prior to December 31, 2022. In this case, SSM argues that though there is not an express contract between the two parties for these services, an implied contract was created through reasonable conduct by SSM in treating Bright's members in SSM's facilities in the ordinary course of business upon their presentation to an SSM emergency facility.

1

## JURISDICTION AND VENUE

1. This is a civil action arising under Oklahoma common law and 78 Okla. Stat. § 78-53.

2. This case is brought under diversity jurisdiction pursuant to 28 U.S.C. § 1332 where Plaintiff is a citizen of Oklahoma and Defendant is a citizen of Colorado. The matter in controversy is estimated to equal or exceed $13 million.

3. Venue is proper in this judicial district pursuant to 42 U.S.C. § 1391(b) because the Defendant failed to pay for healthcare services provided by Plaintiff to Defendant's members in this District and throughout the State of Oklahoma.

## PARTIES

4. Plaintiff SSM is a health services provider who treated Bright members through medical services at its Oklahoma City, Shawnee, and Midwest City facilities. SSM's primary place of business is located at 1000 N Lee Ave, Oklahoma City, OK 73102.

5. Defendant Bright is a licensed Oklahoma ACA exchange payor, who left the Oklahoma health insurance market effective December 31, 2022. Bright's primary place of business is at 10333 E. Dry Creek Road, Suite 150, Englewood, CO 80112.

## FACTUAL BACKGROUND

6. SSM provided services to patients in its emergency rooms, inpatient facilities, and outpatient facilities.

7. Bright was listed as the insurance plan and financially responsible payor for the patients treated by SSM.

8. On information and belief, Bright offered an ACA health plan, which it certified to the Oklahoma Insurance Commissioner and CMS as being solvent and offering sufficient coverage in compliance with the ACA.

9. Hospitals typically have a standard set of charges for their services. These charges are set forth in a document called a charge description master ("CDM").

10. It is standard practice in the healthcare industry for hospitals to have contracts with health plans or insurers. The health plans or insurers benefit from such contracts in that they negotiate discounted rates off the hospital's billed charges set forth in its CDM. The hospitals benefit from these contracts in the form of increased volume of steered business because health plans provide financial incentives for their members to use contracted or "in-network" providers in the form of lower co-payments and co-insurance.

11. Despite offering an ACA health plan to members in Oklahoma, Bright did not enter into a written contract with SSM to obtain a discount from SSM in exchange for including SSM in its provider network, which on information and belief appears not to have been sufficient to meet the needs of its members. Because the parties do not have a contract, Bright is not entitled to discounted payment rates for the medical services provided by SSM to its enrollees, but instead is responsible for the reasonable and customary charges billed by SSM.

12. Bright owes SSM more than $13.086 million for medical services provided to Bright's members in connection with 2,541 patient claims with dates of service between January 1, 2020 and February 7, 2023.

13. On information and belief Bright failed to provide SSM with sufficient notice that any of the outstanding claims were determined to have defects or improprieties.

14. A list of disputed claims was separately provided to Bright due to the need to protect the confidentiality of sensitive protected health information.

15. Bright left the Oklahoma market (and other state health insurance markets) on December 31, 2022.

16. Bright is currently being investigated and fined by multiple state regulatory insurance agencies, including without limitation Oklahoma, Colorado, Texas, Tennessee, and Florida.

17. The Oklahoma Insurance Department has notified CMS of Bright's inability and failure to pay a state mandated $2.1 million risk adjustment for 2021.

18. On information and belief, approximately 15,000 Bright members in Oklahoma moved from Bright's coverage to other Oklahoma insurers, including without limitation Oscar, effective January 1, 2023.

## COUNT I
## BREACH OF IMPLIED CONTRACT – EMERGENCY SERVICES

19. SSM incorporates all allegations set forth above as though fully set forth herein.

20. Oklahoma state law defines an implied contract as "one, the existence and terms of which are manifested by conduct." 15 Okla. Stat. § 133.

21. In appropriate cases, a party may have an obligation under a quasi-contract where there is no actual contract, either express or implied. *T & S Inv. Co. v. Coury*, 1979 OK 53, ¶ 5, 593 P.2d 503, 504-05 (quoting *Berry v. Barbour*, 1954 OK 358, ¶ 22, 279 P.2d 335, 338).

22. The measure for damages in a quasi-contract action (where there is an obligation to pay money) is equal to the detriment caused by the breach in the amount due by the terms of the obligation. *Welling v. American Roofing & Sheet Metal Co., Inc.*, 1980 OK 131, ¶ 15, 617 P.2d 206, 209-10.

23. Under federal law, a hospital has a statutory duty to provide emergency medical services to all individuals who present themselves at the emergency department needing such services without regard to the individual's ability to pay or his or her possession of insurance benefits. 42 U.S.C. §1395dd.

24. The ACA, effective March 23, 2010, imposes on insurers a legal obligation to cover emergency services provided at non-contracted hospitals. 42 U.S.C. § 300gg-19a.

25. In conformance with its duties under federal law, SSM provided, at a reasonable rate, necessary emergency medical services to Bright's plan members who presented at an SSM facility requesting emergency care. Bright is therefore obligated to pay SSM for such services in the ordinary course of business.

26. Thus, implied-in-law contracts were created between SSM and Bright whenever Bright's members presented at SSM's emergency departments and SSM provided emergency services to Bright's members, thereby obligating Bright to pay SSM

the reasonable and customary value of the services provided. Bright has breached these implied-in-law obligations by failing to pay SSM the reasonable value of services rendered and continues to breach such contracts to the extent that it continues to fail to pay SSM the reasonable value of the services rendered.

27. Therefore, as a direct and proximate cause of Bright's breaches of these implied-in-law contracts, SSM has been damaged in an amount according to proof at trial, plus applicable statutory interest.

## COUNT II
## BREACH OF IMPLIED CONTRACT – INPATIENT AND OUTPATIENT SERVICES

28. SSM incorporates all allegations set forth above as though fully set forth herein.

29. The ACA sets out "essential health benefits" that plans must cover, which include both inpatient and outpatient hospitalization services.  42 U.S.C. § 18022(b).

30. SSM provided necessary inpatient and outpatient services to Bright members at a reasonable rate, which is conduct that obligates insurers to pay SSM for such services in the ordinary course of business.

31. Thus, implied contracts were created between SSM and Bright whenever SSM provided medical services to Bright's members.

32. Bright, or Bright's agents acting on its behalf, has breached these implied contracts by failing to pay SSM the reasonable value of the medical services SSM provided to Bright's members and remains in breach of such contracts to the extent that it continues to fail to pay SSM what is owed.

33. Therefore, as a direct and proximate cause of Bright's breaches of these implied contracts, SSM has been damaged in an amount according to proof at trial, plus applicable statutory interest.

## COUNT III
## QUANTUM MERUIT

34. SSM incorporates all allegations set forth above as though fully set forth herein.

35. Oklahoma law recognizes a legal action for the doctrine of quantum meruit. "[T]he common law doctrine of 'quantum meruit' ... is founded on a Latin phrase meaning, 'as much as he deserves,' and in law has been defined as 'a legal action grounded on a promise that the defendant would pay to the plaintiff [for his services] as much as he should deserve.'" *McCurdy Grp. v. Am. Biomedical Grp., Inc.*, 9 F. App'x 822, 827 (10th Cir. 2001) (quoting *Martin v. Buckman*, 1994 OK CIV APP 89, ¶ 38, 883 P.2d 185, 193–94).

36. SSM has conferred a benefit upon Bright by providing valuable services to Bright members with a reasonable expectation of being compensated for those services at a reasonable value.

37. In exchange for premiums and other forms of compensation from its members, Bright is obligated to pay SSM for the services that Bright's members received from SSM. Bright derives a benefit from SSM's provision of services to Bright's members, because it is through SSM's provision of such services that Bright fulfills its obligations to its members.

38. Bright has knowingly accepted the benefit of these services but has not made complete payment to SSM for such services.

39. Bright would be unfairly benefitted and unjustly enriched by receiving the benefit of such services without paying the value of that benefit (e.g., reasonable compensation) to SSM.

40. Therefore, SSM has been damaged in an amount according to proof at trial, plus applicable statutory interest.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff SSM Health Care of Oklahoma prays for judgment as follows:

1. For an Order finding that Defendant Bright Health Insurance Company breached the implied contracts it had with Plaintiff.

2. For an award of damages to the Plaintiff to make Plaintiff whole, with interest calculated at the rate of ten percent (10%) per year, attorney fees, and costs as set forth at 36 Okla. Stat. § 1219, 12 Okla. Stat. § 963, and/or other applicable law.

3. For any other relief found to be deemed appropriate by the Court.

**JURY TRIAL DEMANDED**

Respectfully submitted,

*s/Daniel G. Webber, Jr.*
Daniel G. Webber, Jr., OBA #16332
Patrick R. Pearce, Jr., OBA #18802
**RYAN WHALEY**
400 North Walnut Avenue
Oklahoma City, OK 73104
(405) 239-6040
(405) 239-6766 FAX
dwebber@ryanwhaley.com
rpearce@ryanwhaley.com

Amanda L. Hayes-Kibreab
(*Pro Hac Vice forthcoming*)
King & Spalding LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA  90071
(213) 443-4355
(213) 443-4310 FAX
ahayes-kibreab@kslaw.com

Amy Lynn O'Neill
(*Pro Hac Vice forthcoming*)
King & Spalding LLP
621 Capitol Mall, Suite 1500
Sacramento, CA  95814
(916) 321-4800
(916) 321-4900 FAX
aoneill@kslaw.com

*Attorneys for Plaintiff*

9